JACOB RHODES, Respondent, v. WILLIAM G. WEBB, Appellant.

*Practice—Bill of Exceptions* —The bill of exceptions must set out the evidence as given at the trial, not the mere abbreviated notes or memoranda of the judge.

. *Appeal from St. Louis Circuit Court.*

*Grover & Berry,* for respondent.

*M. L. Gray,* for appellant.

BATES, Judge, delivered the opinion of the court.

This is a civil action, praying relief upon equitable grounds; the case was tried before the judge of the Circuit Court, and a decree rendered in favor of plaintiff; and in respect to certain matters necessary to be determined for a final judgment, the case was referred to a referee to state an account as to these matters; who did so, and his report being confirmed, a final decree was rendered for the plaintiff. At the trial, and also before the referee, the defendant made some objections to testimony offered by the plaintiff, which objections were overruled. In most instances, the ground of the objection is not stated; and in others where the ground is stated, the court committed no error in overruling the objections; it is not necessary to state them in detail, because they are entirely clear and present no new points.

This court cannot review the case upon its merits because the bill of exceptions shows that several papers given in evidence are not copied therein, and the parol testimony given at the trial is so set out as to be incomprehensible, with any degree of certainty; it is a mere copy of the judge's minutes of the testimony as it was given. It consists, in many instances, of supposed abbreviations of words, incomplete sentences, and detached words, sometimes separated by dashes, and in other instances running together in such a jumble of words as to be unintelligible to others than the judge,

or such as heard the testimony. Very possibly those minutes would suggest to the judge, or to other persons who were present at the trial and heard the testimony, what that testimony was, or revive their recollection of it; but they do not, as transcribed in the bill of exceptions, inform us what was the testimony actually given. If we should undertake to ascertain what was the testimony from those minutes, we would in many instances be obliged to take the written words and abbreviations as mere hints from which we might guess at the words used by the witnesses, and we have no means of ascertaining whether our guesses would be right or wrong.

In such case, we cannot review the judgment of the lower court.

Judgment affirmed. Judges Bay and Dryden concur.